T.C. Summary Opinion 2001-25

UNITED STATES TAX COURT

BASAVARAJ A. HOOLI AND VINODINI B. HOOLI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27592-96S.                    Filed March 8, 2001.

Basavaraj A. Hooli, pro se.

<u>Robert Dillard</u>, for respondent.

WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes for 1992 and 1993 of $7,796 and $5,140, respectively. The issues for decision are: (1) Whether petitioners have substantiated their claimed deductions for expenses reported on Schedule C, Profit or Loss From Business, for 1992 and 1993, and (2) whether petitioners' import/export activity was functioning during 1992 and 1993 or still was in a preopening or startup situation.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner Basavaraj A. Hooli resided in Daleville, Alabama, and Vinodini B. Hooli resided in St. Petersburg, Florida, when the petition in this case was filed. References to petitioner in the singular are to petitioner Basavaraj A. Hooli.

During the years in issue, petitioner was employed as a medical technician. From this employment, petitioner reported wage income of $40,497 and $44,305 for 1992 and 1993, respectively. Petitioner contends that during these years he worked as a medical technician only on weekends.

Petitioner also contends that during 1992 and 1993, he and his brother, who lived in India, engaged in an import/export activity named "H.I.T.C. USA" (HITC). On Schedules C attached to petitioners' 1992 and 1993 Federal income tax returns, petitioner

reported no gross receipts for the import/export activity and claimed the following deductions:

|  | 1992 | 1993 |
|---|---|---|
| Car and truck expenses | $13,941 | $11,860 |
| Travel | 14,889 | 9,523 |
| Meals and entertainment | 1,354 | 1,354 |
| Other business expenses | 5,979 | -0- |
| Telephone | 3,956 | 2,388 |
| Total | 40,119 | 25,125 |

Petitioner contends that his brother initially paid the bulk of these expenses and that he later reimbursed his brother. At trial, petitioner attempted to substantiate, by introducing copies of traveler's checks, that he reimbursed his brother. These copies of traveler's checks do not indicate that they were cashed by petitioner's brother.

Petitioner further asserts that HITC entered into contracts with agencies of the Government of India to supply the Indian Government with railroad ties. Petitioner alleges that the contracts ultimately were canceled because he was unable to demonstrate to the Government of India and its agencies that HITC was properly financed.

Respondent determined that petitioners are not entitled to deductions for the Schedule C expenses they claimed on their 1992 and 1993 Federal income tax returns because petitioners have failed to demonstrate that the claimed expenses were incurred for business purposes. Alternatively, respondent determined that petitioners failed to establish that petitioner was actively carrying on a trade or business.

Generally, a taxpayer is permitted to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. See sec. 162(a). No deduction is allowed for personal, living, or family expenses. See sec. 262. Consequently, where an expenditure is primarily associated with business purposes, and where personal benefit is distinctly secondary and incidental, the expenditure may be deducted under section 162. See International Artists, Ltd. v. Commissioner, 55 T.C. 94, 104 (1970). Conversely, if an expenditure is primarily motivated by personal considerations, generally no deduction will be allowed. See Henry v. Commissioner, 36 T.C. 879, 884 (1961).

Taxpayers are required to keep sufficient records to enable the Commissioner to determine their correct tax liability. See sec. 6001. Under certain circumstances, where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court is permitted to estimate the amount allowable. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, there must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was incurred in at least the amount allowed. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In estimating the amount allowable, the Court bears heavily against the taxpayer whose inexactitude is of his own making. See Cohan v. Commissioner, supra at 544.

However, certain business deductions described in section 274 are subject to rules of substantiation that supersede the Cohan doctrine. Section 274(d) provides that no deduction shall be allowed with respect to: (a) Any traveling expense, including meals and lodging away from home; (b) any item with respect to an activity of a type generally considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4) unless the taxpayer substantiates certain elements. Passenger automobiles are listed property under section 280F(d)(4)(A)(i).

Under section 274, a taxpayer must substantiate the amount, time, and business purpose of the expenditures and must provide adequate records or sufficient evidence to corroborate his own statement. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Adequate records are defined as an account book, diary, log, statement of expense, trip sheet, or similar record. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

When a taxpayer's records have been destroyed or lost due to circumstances beyond his control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer has the right to substantiate his deductions by reasonable reconstruction of his expenditures. See sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). A taxpayer in this situation may reconstruct his expenses through other credible

evidence. See <u>Watson v. Commissioner</u>, T.C. Memo. 1988-29. If no other documentation is available, we may accept credible testimony of a taxpayer to substantiate a deduction. <u>Watson v. Commissioner</u>, <u>supra</u>.

Moreover, expenses that are incurred before the commencement of business operations constitute preopening or startup expenses and are not deductible under section 162. See <u>Jackson v. Commissioner</u>, 864 F.2d 1521, 1525-1526 (10th Cir. 1989), affg. 86 T.C. 492 (1986); <u>Hardy v. Commissioner</u>, 93 T.C. 684, 687-693 (1989); <u>Goodwin v. Commissioner</u>, 75 T.C. 424, 433 (1980), affd. without published opinion 691 F.2d 490 (3d Cir. 1982).

Generally, petitioner failed to introduce any reliable written substantiation for his claimed traveling expenses. Petitioner testified that he kept receipts that substantiated his traveling expenses, but that the receipts were stolen. Petitioner's testimony regarding his traveling expenses was generally vague and unconvincing. At times he was almost hysterical. Nevertheless, his presentation was at best a dramatic effort to explain his failure to provide substantiation of his claimed travel expenses. Petitioner also failed to demonstrate that he attempted to reconstruct these expenses. He did not present testimony of any other witness, except his wife, to substantiate his own testimony. Mrs. Hooli's testimony was brief and generally in the form of responses to her husband's leading questions. We cannot give this unconvincing testimony

any weight.  Petitioner mentioned many individuals as participants in his efforts, but none of these people testified. Accordingly, we find that petitioner has failed to substantiate his claimed traveling expenses.

Petitioner also failed to establish the amount or business purpose of the claimed telephone expenses.  At trial, petitioner attempted to substantiate the claimed telephone expenses by presenting copies of telephone bills.  Contrary to petitioner's argument, these telephone bills do not establish the business purpose for the telephone expenses.  The bills could represent personal calls as easily as they could business calls.

Petitioner attempted to substantiate the claimed car and truck expenses and meals and entertainment expenses by introducing a mileage log and a diary.  Contrary to petitioner's assertions, the mileage log and diary do not substantiate these expenses.  At trial, petitioner testified that the diary represented expenses paid by his brother, who died in India prior to trial.  Petitioner also testified that the mileage log represented car and truck expenses incurred by his brother. Petitioner also stated that most of the entries in the log had been made by his brother's driver in India.  The business function of the travel has not been established.  Petitioner's brother was a practicing physician in India, and the record does not show whether the expenses he allegedly paid were for his medical practice, were personal, or were for some aspect of the

alleged import/export business.  Moreover, petitioner has failed to present convincing evidence that he reimbursed his brother for these alleged expenses.

With regard to the other claimed expenses, petitioner has failed to present any document or testimony to substantiate them. We have no reasonable evidentiary basis on which to make an estimate pursuant to Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

Even if we were to find that petitioners' claimed deductions were substantiated, petitioner has failed to establish that his alleged import/export activity went beyond the preopening stage during 1992 and 1993.  Petitioner argues that he reported income for the activity in prior years, and therefore the activity had progressed beyond the preopening stage during the years in issue. On a Schedule C attached to his 1990 Federal income tax return, petitioner reported gross income from the import/export activity of $5,000 and deductions of $28,004, resulting in a net loss of $23,004.  On a Schedule C attached to his 1991 Federal income tax return, petitioner reported gross income from the import/export activity of $7,170 and deductions of $23,510, resulting in a net loss of $16,340.  Petitioner's 1991 Schedule C indicates that $5,500 of the $7,100 of income reported was received for "setting up" a medical practice.  Moreover, on the Schedules C attached to his 1990 and 1991 Federal income tax returns petitioner reported only minimal amounts of income and claimed larger deductions

resulting in net losses. Based upon this record, we do not find petitioner's 1990 and 1991 Federal income tax returns convincing evidence that petitioner's import/export activity constituted an active trade or business.

Petitioner has convinced us that he wanted to enter the import/export business during the years in issue. He had at least one plan, and he tried to get a start. But his own evidence convinces us that he never bought, manufactured, or sold a product or otherwise was able to get his plan into operation.

We hold that petitioners are not entitled to claimed deductions for Schedule C expenses for 1992 and 1993.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.